## W. GORMAN V. THE STATE.

No. 17889. Delivered February 5, 1936.
Rehearing Denied April 1, 1936.

150

The opinion states the case.

*Johnson, Moore & Stockdale* and *W. E. Myres*, all of Fort Worth, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for violating the State cigarette law; punishment a fine of $25.00.

Counts one and three of the information were submitted to the jury, and appellant was found guilty on each count by separate paragraphs of the verdict, and for each he was given a fine of $12.50.

Count one was as follows:

"W. Gorman, herein after styled defendant, heretofore, on the 16th day of January, A. D. 1935, in the County of Tarrant and State aforesaid, was then and there a retail dealer and had in his possession in his place of business cigarettes without the same having the proper stamp attached."

Count three was as follows:

"Did then and there unlawfully refuse to allow, on demand, the agent of the Comptroller of the State of Texas, to-wit, Lane Terrell, to make a full inspection of a place of business where cigarettes were and there sold, to-wit: a store building located at 428 College Avenue in the City of Fort Worth, Texas."

Appellant's motion to quash attacked each count. We are of opinion that count one is good, and that appellant's claim that same was bad because it did not aver that he had said cigarettes in his possession for the purpose of sale,—is not tenable. The statute governing is subdivision (f) of Section 13 of Chapter 153, Acts Regular Session, 43rd Iegislature, which forbids as follows: "Any retail dealer to have in possession in any place of business any cigarettes, unless the same shall have the proper stamps attached." We do not think it beyond the power and authority of the lawmakers to say that one engaged in the business of retailing cigarettes in this State, must not have unstamped cigarettes at such place of business.

As to count three, we think same open to appellant's criticism. Subdivision (d) of said Section 13 forbids any person "To refuse to allow, on demand, the Comptroller or any officer or agent of the said Comptroller of this State to make a full inspection of any place of business where cigarettes are sold or in anywise to hinder or prevent such inspection." Looking to count three, as above quoted, we note that it fails to charge that the place of business referred to was that of appellant, or that he had control, care or management of same in any way; nor does it set out how or in what manner appellant would be authorized to allow such inspection. Manifestly he could not be penalized for refusing to allow inspection of some place of business over which he had no control; and for the failure of said count in the information to allege some ownership, control, etc., of the place of business in question, we think the count is bad.

Inasmuch as the Act of the 43rd Legislature containing said Section 13, for violation of subdivisions of which appellant is convicted, was repealed by an Act of the 44th Legislature (see Chapter 241, Acts Regular Session 44th Legislature),—we call attention to the fact that Section 33 of the Act of the 44th Legislature specifically provides that the passage of this Act shall not affect offenses committed, or prosecutions begun, under any preexisting law, but any such offenses or prosecutions may be conducted under the law as it existed at the time of the commission of the offense. The prosecution in the instant case would be governed by the provisions of Chapter 1 of our Penal Code, and in our opinion the prosecution herein is fully authorized thereby.

In pursuance of our opinion above set out the verdict and judgment against appellant, insofar as based on count three of the information, is reversed and ordered dismissed, but as to the verdict and judgment on count one, the judgment is in all things affirmed.

*Affirmed in part, and reversed and dismissed in part.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant urges that we were in error in holding that the first count of the indictment charged an offense. He relies on Sheppard v. Musser, 89 S. W. (2d) 222, an opinion by the Court of Civil Appeals at Fort Worth, which opinion was rendered on November 22, 1935, and motion for rehearing in that court denied on December 20, 1935. On March 13, 1936, the Supreme Court reviewed the opinion cited

by appellant, and, as we understand it, reached a different conclusion from that of the Court of Civil Appeals upon the very point upon which appellant relied (Sheppard v. Musser, No. 7051, Supreme Court of Texas).

The motion for rehearing by appellant is overruled.

*Overruled.*

MORROW, P. J., absent.